IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CECELIA LEWIS,                          §
                                        §
            Plaintiff,                  §
                                        §
V.                                      §          No. 3:21-cv-728-S-BN
                                        §
THE AZUL APARTMENTS,                    §
                                        §
            Defendant.                  §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cecelia Lewis appears to bring this *pro se* action against the apartment complex where she lives, Defendant The Azul Apartments, alleging that she has experienced "countless issues with the Azul Apartment Management team that works under City Gates Properties since Covid [ ] started." Dkt. No. 1 at 1. According to Lewis, some issues include that the manager "kept putting [Lewis's] rent up while Cares act was active," despite Lewis losing her job; that the complex attempted to evict her; that maintenance and/or management entered her home without sufficient notice; and that her apartment was damaged by the February 2021 Texas winter storm. *Id.* at 1-2. Although Lewis fails to specify what damages she seeks, she identifies her nature of suit as housing discrimination. *See id.* at 3.

She moves for leave to proceed *in forma pauperis*. *See* Dkt. No. 4. The presiding United States district judge referred Lewis's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And, after reviewing Lewis's complaint, the undersigned

questioned whether there is subject matter jurisdiction but allowed Lewis an opportunity to address the Court's concerns. *See* Dkt. No. 6. Lewis timely responded to this order. *See* Dkt. No. 7.

But her response, like her complaint, fails to show that the Court possesses subject matter jurisdiction. The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss this action for lack of subject matter jurisdiction.

### Legal Standards and Analysis

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds

the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Lewis chose to file her lawsuit in federal court, so it is her burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And, if she does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

I.    <u>Lewis has not established diversity jurisdiction.</u>

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). Accordingly, the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

It does not appear that Lewis, presumably a Dallas resident, intends to base the Court's jurisdiction on diversity. Nor does it seem that she can insofar as she has sued the management of the apartment complex where she lives. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) ("Evidence

of a person's place of residence … is prima facie proof of his domicile." (citations omitted)); *Stine*, 213 F.2d at 448 ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile."). Regardless, Lewis has not affirmatively and distinctly alleged diversity jurisdiction by identifying the citizenships of the parties and the amount in controversy.

II.    Lewis has not established federal question jurisdiction.

Turning to Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))). "[T]his 'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted).

The most plausible interpretation of Lewis's complaint is that she makes state law claims related to a landlord-tenant dispute. Liberally construed, however, some facts that Lewis provides could be read as asserting a claim that The Azul has attempted to evict her in violation of the CARES Act, the Coronavirus Aid, Relief, and Economic Security Act, PUB. L. NO. 116-136 – the federal government's initial comprehensive response to COVID-19.

But the mere incantation of a federal law does not provide subject matter jurisdiction under Section 1331, particularly where the complaint lacks facts to show how the federal law applies to a plaintiff's claims.

For example, at least one other federal district court has noted that, because "'[t]he CARES Act provided numerous forms of relief to affected industries …, including a prohibition against new eviction cases filed by housing providers who participate in certain federal housing rental programs on the basis of non-payment of rent[,]'" it "may be a basis for federal question jurisdiction." *Menhardt v. Tracy*, No. 20-cv-08670-NC, 2020 WL 8513086, at *2 (N.D. Cal. Dec. 24, 2020) (quoting *Elmsford Apartment Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148, 157 (S.D.N.Y. June 29, 2020)); *see also* 15 U.S.C. § 9058 (temporary moratorium on eviction filings).

But that court continued to note that the plaintiff's complaint there did not "allege facts establishing that the CARES Act is the basis for her cause of action. Furthermore, the Court is not aware of any federal cases that discuss whether the CARES Act preempts state eviction laws." *Menhardt*, 2020 WL 8513086, at *2; *see also Skyworks v. Centers for Disease Control & Prevention*, No. 5:20-cv-2407, 2021 WL 911720, at *2 (N.D. Ohio Mar. 10, 2021) (observing that "Sections 4022 through 4024 of the CARES Act addressed housing-related issues, including protections for holders of federally backed mortgages" but that "[t]his moratorium and other protections for renters expired on July 24, 2020"); *cf. Hogg v. Waters*, C/A: 6:20-cv-02064-TMC-JDA, 2020 WL 6049925, at *3 (D.S.C. June 4, 2020) ("In the Petition, Defendant alleges that federal question jurisdiction exists over this eviction action

because this case involves violations of the UCC, the FDCPA, and the CARES Act. Contrary to Defendant's allegations, the state magistrate's Rule to Vacate or Show Cause Order attached to the Petition provides nothing to suggest that the state court proceedings present a federal question, and, as such, the eviction action could not have been brought originally in federal court. Defendant's attempt to raise federal issues pursuant to the UCC, the FDCPA, or the CARES Act simply does not create federal jurisdiction."), *rec. adopted*, 2020 WL 6048775 (D.S.C. Oct. 13, 2020).

In sum, Lewis has not alleged facts to show that she has a claim under the CARES Act such that there is federal question jurisdiction under that law.

Similarly, insofar as Lewis identifies that her claims are for housing discrimination, generally speaking, "to assert a prima facie claim of housing discrimination under ... the [Fair Housing Act (the FHA)], a plaintiff must prove that he (or a family member) is a member of a protected class; he applied for and was [qualified to rent or purchase housing]; he was rejected; and the housing remained available to other similarly situated purchasers thereafter." *Petrello v. Prucka*, 484 F. App'x 939, 942 (5th Cir. 2012) (per curiam) (citing *Lindsay v. Yates*, 498 F.3d 434, 438-39 (6th Cir. 2007); *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003)).

But this typical formulation of FHA discrimination does not preclude an existing tenant, such as Lewis, from making such a claim, because

> "[t]he FHA affords a private cause of action to any 'aggrieved person.'" *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) (quoting 42 U.S.C. § 3613(a)(1)(A)). An "'[a]ggrieved person' includes any person who ... (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. §§ 3602(i)(1)-(2); *see also Case*,

> 340 F.3d at 289. "[T]he sole requirement for standing under [the FHA] is the Article III minima of injury in fact." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). A plaintiff satisfies the injury in fact requirement if there is a "distinct and palpable injury fairly traceable to the challenged action." *See L & F Homes & Dev., L.L.C. v. City of Gulfport, Miss.*, 538 F. App'x 395, 400 (5th Cir. 2013) (citing *Havens Realty*, 455 U.S. at 375-76).

*Chavez v. Aber*, 122 F. Supp. 3d 581, 592 (W.D. Tex. 2015); *see, e.g., Elmowitz v. Executive Towers at Lido, LLC*, 571 F. Supp. 3d 370, 375 (E.D.N.Y. 2008) (as to disability discrimination under the FHA, holding that, "[e]ven though typical FHA claims apply to those seeking to rent or purchase housing, the 'language of the statute is broad enough to encompass an existing tenant who is denied access to [his] dwelling because of a handicap'" (citation omitted)); *see also Cadena v. Hicks*, No. A-16-CV-1009-RP, 2016 WL 6135454, at *6 (W.D. Tex. Oct. 21, 2016) ("[N]o tenant can assert a private right of action under the FHA for due process violations or tort claims. The FHA only affords an aggrieved person a private right of action for discriminatory housing practices." (citations omitted))

Here, however, Lewis has alleged no facts to allow the Court to, at a minimum, infer that she is a member of a protected class or that she has been aggrieved because of her membership in a protected class.

Finally, if Lewis's response to the Court's order concerning subject matter jurisdiction may be liberally construed as amending her claims, she also arguably invokes a violation of an eviction moratorium imposed by the Centers for Disease Control in response to the COVID-19 pandemic. *See* Dkt. No. 7 at 7-8. But, while a violation of this CDC moratorium may inject a federal question into, for example, a dispossessory proceeding. Such a defense to a proceeding under state law would not

itself create federal question jurisdiction under Section 1331. As another federal district court has explained,

> the CDC moratorium does not create a private right of action for individuals like Defendant. Enforcement of the CDC Order is to be through the "U.S. Department of Justice," which is empowered to "initiate court proceedings as appropriate." 85 FR 55292 at 55296. The decision not to create a federal remedy for private individuals "is tantamount to a congressional conclusion that the presence of a claimed violation of the [CDC moratorium] ... is insufficiently 'substantial' to confer federal-question jurisdiction." *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986).

*Brookers v. Matthews*, No. 1:21-cv-0567-TWT-LTW, 2021 WL 918814, at *2 (N.D. Ga. Feb. 17, 2021), *rec. adopted*, 2021 WL 913930 (N.D. Ga. Mar. 10, 2021); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: April 13, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE